IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GE HEALTHCARE UK LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| BECKMAN COULTER, INC., AND | ) | JURY TRIAL DEMANDED |
| BECKMAN COULTER GENOMICS, INC.,) | | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, GE Healthcare UK Limited ("GE Healthcare"), by its undersigned

attorneys, for its complaint against Defendants Beckman Coulter, Inc. and  Beckman

Coulter Genomics, Inc. (collectively, "Defendants"), hereby alleges the following:

### NATURE OF THE ACTION

1.      This is an action arising under the patent laws of the United States based

upon infringement by Defendants of two patents owned by GE Healthcare.  Plaintiff

seeks damages for Defendants' infringement and a permanent injunction restraining

Defendants from further infringement.

### THE PARTIES

2.      Plaintiff GE Healthcare is a corporation organized and existing under the

laws of the United Kingdom with a principal place of business at Pollards Wood,

Nightingale Lane, Chalfont, St. Giles, Bucks HP8 4SP, United Kingdom.

3.      On information and belief, Defendant Beckman Coulter, Inc. ("Beckman")

is a corporation organized and existing under the laws of the State of Delaware with a

principal place of business at 250 South Kraemer Boulevard, Brea, CA 92822.

4.      On information and belief, Defendant Beckman Coulter Genomics, Inc. ("Beckman Genomics") is a wholly owned subsidiary of Defendant Beckman and is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 500 Cummings Center, Suite 2450, Beverly, Massachusetts 01915.  As stated in a Certificate of Merger dated July 20, 2009 and a press release issued by Defendant Beckman on August 13, 2009, Beckman Genomics was created through the merger of Agencourt Bioscience Corporation and Cogenics, Inc.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants as Defendants are incorporated in the State of Delaware and have purposely availed themselves of the privilege of conducting activities within this State and District.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

9.      Plaintiff GE Healthcare is the owner and assignee of United States Patent No. 5,523,231 (the "'231 patent") titled, "Method to Isolate Macromolecules Using Magnetically Attractable Beads Which do not Specifically Bind the Macromolecules."  A true and correct copy of the '231 patent is attached to this Complaint as Exhibit A.  The '231 patent was duly and legally issued by the United States Patent and Trademark Office

2

RLF1 3518693v.1

on June 4, 1996 to Dr. Michael A. Reeve, a citizen and resident of the United Kingdom. On March 4, 2008, Defendant Beckman filed a Request for Reexamination of the '231 patent in the U.S. Patent and Trademark Office.  On June 9, 2009, the U.S. Patent and Trademark Office issued a reexamination certificate confirming the patentability of all of the claims of the '231 patent.  On June 15, 2009, Defendant Beckman filed a second Request for Reexamination of the '231 patent.  The U.S. Patent and Trademark Office denied the second Request for Reexamination on July 23, 2009, and terminated the second reexamination proceedings on September 10, 2009.

      10.    Plaintiff GE Healthcare is the owner and assignee of United States Patent No. 5,681,946 (the "'946 patent") titled, "Precipitating Polymers."  A true and correct copy of the '946 patent is attached to this Complaint as Exhibit B.  The '946 patent was duly and lawfully issued on October 28, 1997 to Dr. Michael A. Reeve.  Plaintiff GE Healthcare is the owner by assignment of the '946 patent.  On March 4, 2008, Defendant Beckman filed a Request for Reexamination of the '946 patent in the U.S. Patent and Trademark Office.  On May 12, 2009, the U.S. Patent and Trademark Office issued a reexamination certificate confirming the patentability of all claims of the '946 patent.  On June 15, 2009, Defendant Beckman filed a second Request for Reexamination of the '946 patent.  The U.S. Patent and Trademark Office denied the second Request for Reexamination on July 24, 2009, and terminated the second reexamination proceedings on September 10, 2009.

RLF1 3518693v.1

## SPRI® AND SPRI®-BASED PRODUCTS AND SERVICES

11.     On information and belief, Defendants Beckman and Beckman Genomics make and sell in the United States kits and other products used to isolate and/or purify nucleic acids.  Those products use what Defendants Beckman and Beckman Genomics call "Agencourt Solid Phase Reversible Immobilization 'SPRI®' Technology." Defendants Beckman and Beckman Genomics sell SPRI® and SPRI®-based products with product literature containing instructions to use the products in a manner that infringes one or more claims of the '231 and/or '946 patents.

12.     The products used to infringe one or more claims of the '231 and/or '946 patents include, but are not limited to, Agencourt® AMPure®; Agencourt® CleanSEQ® (Dye-Terminator Removal for SEQ DTCS); Agencourt® CleanSEQ® (Dye-Terminator Removal); Agencourt® CosMCPrep®; Agencourt® FormaPure™ Kit; Agencourt® Genfind™; Agencourt® Orapure™; Agencourt® RNAClean™; Agencourt® RNAdvance™ Tissue Kit; Agencourt® SprintPrep® 384 HC; SPRI®-TE Viral NA Extraction Kit, SPRI®-TE FFPE NA Extraction Kit; and SPRI®-TE gDNA Extraction Kit.

13.     On information and belief, Defendants Beckman and Beckman Genomics sell in the United States instruments used to isolate and/or purify nucleic acids using SPRI® and SPRI®-based technology.  The instruments include, but are not limited to, Biomek NX, Biomek FX, Biomek FX dual pod, Biomek 3000, and SPRI®-TE Nucleic Acid Extractor.  Use of the instruments to isolate and/or purify nucleic acids infringes one or more claims of the '231 and/or '946 patents.

RLF1 3518693v.1

14.     On information and belief, Defendants Beckman and Beckman Genomics are engaged in the business of providing and/or performing services, and/or assisting customers to provide and/or perform services, to isolate and/or purify nucleic acids using SPRI® and/or SPRI®-based technology.  These nucleic acid isolation and/or purification services infringe one or more claims of the '231 and/or '946 patents.

## DEFENDANTS' PRE-LITIGATION CONDUCT AND WILLFUL INFRINGEMENT

15.     Defendants have engaged and continue to engage in a pattern of pre-litigation conduct demonstrating their awareness of the '231 and '946 patents; the objectively high likelihood that Defendants' actions constituted infringement of the '231 and '946 patents and that the patents are valid; that this objectively-defined risk was so obvious that Defendants should have known it; and that Defendants in fact knew of this objectively-defined risk.

16.     Defendants are and have been aware of the '231 and '946 patents. Defendant Beckman filed reexamination requests for both patents in 2008, demonstrating such awareness.  On information and belief, both defendants were aware of the '231 and '946 patents before 2008.

17.     Defendants also are and have been aware of the objectively high likelihood that Defendants' actions constituted infringement of the '231 and '946 patents and that the patents are valid.  On information and belief, the reason why Defendant Beckman went to the burden and expense of requesting reexamination of both patents in 2008 was because Defendants were aware of this objectively high risk.  The U.S. Patent and Trademark Office issued reexamination certificates in 2009 confirming the patentability of all claims of both patents and providing further objective evidence that

5

the patents are valid. Defendants responded, not by ceasing and desisting from their acts of infringement, but rather with Beckman's filing further reexamination requests for both patents, which the U.S. Patent and Trademark Office denied. Defendants Beckman and Beckman Genomics thus have failed in both of their attempts to use administrative procedures to excuse their continuing acts of infringement.

18.     Defendants have also engaged in other conduct intended, on information and belief, to punish or retaliate against Plaintiff for pursuing its claims for infringement. This conduct includes actions within the last month concerning a supply arrangement between Plaintiff and another subsidiary of Defendant Beckman named Lumigen, Inc. ("Lumigen").

19.     The Beckman subsidiary Lumigen manufactures certain detection reagents for GEHC.

20.     In December 2009 – following the failure of Defendant Beckman's repeated reexamination requests, and, on information and belief, with knowledge of those failures and Defendants' exposure for their infringement of the '231 and '946 patents – the Beckman subsidiary Lumigen presented GEHC with a "take it or leave it" offer of terms under which Lumigen would continue to supply GEHC. The new terms include numerous material changes that significantly benefit Beckman at GEHC's expense.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '231 Patent)

21.     The allegations of paragraphs 1-20 are incorporated herein by reference.

22.     On information and belief, the Defendants directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, have

infringed and continue to infringe the '231 patent by their manufacture, use, sale, offer for sale, and/or importation of products and services, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '231 patent. Examples of infringing products include, but are not limited to, Agencourt® AMPure®; Agencourt® CleanSEQ® (Dye-Terminator Removal for SEQ DTCS); Agencourt® CleanSEQ® (Dye-Terminator Removal); Agencourt® CosMCPrep®; Agencourt® FormaPure™ Kit; Agencourt® Genfind™; Agencourt® Orapure™; Agencourt® RNAClean™; Agencourt® RNAdvance™ Tissue Kit; Agencourt® SprintPrep® 384 HC, SPRI®-TE Viral NA Extraction Kit, SPRI®-TE FFPE NA Extraction Kit; and SPRI®-TE gDNA Extraction Kit, Biomek NX, Biomek FX, Biomek FX dual pod, Biomek 3000, and SPRI®-TE Nucleic Acid Extractor.  Defendants are liable for their infringement of the '231 patent pursuant to 35 U.S.C. § 271.

23.     On information and belief, Defendants were aware of the '231 patent prior to the filing of this Complaint but recklessly continue to make, use, sell, offer for sale, and/or import products and services, knowing that such actions constitute a high likelihood of infringement of the '231 patent.  Defendants acted and continue to act despite an objectively high likelihood that their actions constituted infringement of a valid patent; this objectively-defined risk was so obvious that it should have been known to Defendants; and in fact, Defendants acted and continue to act knowing of this objectively-defined risk.  Defendants' infringement of the '231 patent is thus willful.

24.     Defendants' infringement of the '231 patent has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to a permanent injunction against further infringement.

25.     Plaintiff GE Healthcare has suffered and will continue to suffer substantial damage to its business by reason of Defendants' acts of infringement of the '231 patent as alleged herein, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' acts pursuant to 35 U.S.C. § 284.

26.     Plaintiff GE Healthcare is informed and believes, and on that basis alleges, that Defendants' actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles Plaintiff GE Healthcare to an award of attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '946 Patent)

27.     The allegations of paragraphs 1-20 are incorporated herein by reference.

28.     On information and belief, the Defendants directly, indirectly, contributorily, and/or by inducement, literally or under the doctrine of equivalents, have infringed and continue to infringe the '946 patent by their manufacture, use, sale, offer for sale, and/or importation of products and services, within this judicial district and elsewhere in the United States, that infringe one or more claims of the '946 patent. Examples of infringing products include, but are not limited to, Agencourt® AMPure®; Agencourt® CleanSEQ® (Dye-Terminator Removal for SEQ DTCS); Agencourt® CleanSEQ® (Dye-Terminator Removal); Agencourt® CosMCPrep®; Agencourt® FormaPure™ Kit; Agencourt® Genfind™; Agencourt® Orapure™; Agencourt® RNAClean™; Agencourt® RNAdvance™ Tissue Kit; Agencourt® SprintPrep® 384 HC, SPRI®-TE Viral NA Extraction Kit, SPRI®-TE FFPE NA Extraction Kit; and SPRI®-TE gDNA Extraction Kit, Biomek NX, Biomek FX, Biomek FX dual pod,

RLF1 3518693v.1

Biomek 3000, and SPRI®-TE Nucleic Acid Extractor.  Defendants are liable for their infringement of the '946 patent pursuant to 35 U.S.C. § 271.

29.     On information and belief, Defendants were aware of the '946 patent prior to the filing of this Complaint but recklessly continue to make, use, sell, offer for sale, and/or import products and services, knowing that such actions constitute a high likelihood of infringement of the '946 patent.  Defendants acted and continue to act despite an objectively high likelihood that their actions constituted infringement of a valid patent; this objectively-defined risk was so obvious that it should have been known to Defendants; and in fact, Defendants acted and continue to act knowing of this objectively-defined risk.  Defendants' infringement of the '946 patent is thus willful.

30.     Defendants' infringement of the '946 patent has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to a permanent injunction against further infringement.

31.     Plaintiff GE Healthcare has suffered and will continue to suffer substantial damage to its business by reason of Defendants' acts of infringement of the '946 patent as alleged herein, and Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' acts pursuant to 35 U.S.C. § 284.

32.     Plaintiff GE Healthcare is informed and believes, and on that basis alleges, that Defendants' actions make this an exceptional case within the meaning of 35 U.S.C. § 285, which entitles Plaintiff GE Healthcare to an award of attorneys' fees.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     That Defendants be adjudged to have infringed the '231 and '946 patents;

9

B.    That Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participating with any of them, be permanently restrained and enjoined from infringing in any manner the '231 and '946 patents;

C.    That Defendants be ordered to deliver to Plaintiff, for destruction at Plaintiff's option, all products that infringe the '231 and '946 patents;

D.    An accounting for damages by virtue of Defendants' infringement of the '231 and '946 patents;

E.    An award of damages pursuant to 35 U.S.C. § 284, including treble damages based on Defendants' willful infringement, to compensate Plaintiff for Defendants' infringement of the '231 and '946 patents;

F.    An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

G.    That Defendants be directed to pay Plaintiff attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

H.    That the Court grant such other and further relief as this Court may deem just and proper.

RLF1 3518693v.1

## JURY DEMAND

Plaintiff hereby requests a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.


OF COUNSEL:

Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8740

David J. Ball, Jr.
Rachelle H. Thompson
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
(202) 682-7033

Dated: December 18, 2009

*Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
Cottrell@rlf.com
Gaza@rlf.com
(302) 651-7700

*Attorneys for Plaintiff*
*GE Healthcare UK Limited*

11