# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GE HEALTHCARE UK LIMITED, | ) |
| Plaintiff and Counterdefendant, | ) ) ) |
| v. | ) C.A. No. 09-974-RK |
| BECKMAN COULTER, INC. AND BECKMAN COULTER GENOMICS, INC., | ) ) ) **JURY TRIAL DEMANDED** |
| Defendants and Counterclaimants. | ) ) ) ) |

### DEFENDANTS AND COUNTERCLAIMANTS BECKMAN COULTER, INC. AND BECKMAN COULTER GENOMICS, INC.'S OBJECTIONS TO GE HEALTHCARE UK LIMITED'S BELATED AND IMPROPER INTRODUCTION OF NEW EVIDENCE DURING CLAIM CONSTRUCTION HEARING

Defendants and Counterclaimants Beckman Coulter, Inc. and Beckman Coulter Genomics, Inc. ("Beckman") hereby object to Plaintiff GE Healthcare UK Ltd.'s ("GEHC") belated and improper request to introduce into evidence during the September 8, 2010 claim construction hearing various documents relating to the second reexamination of the patents-in-suit. GEHC argued during the September 8, 2010 hearing that positions taken by Beckman *during reexamination* of the patents-in-suit somehow limited the positions Beckman could now take *in litigation* regarding the true construction of terms in the asserted claims. GEHC's argument conflicts with long-held, established Federal Circuit law. As such, GEHC's argument should be rejected and the reexamination documents should not be taken into evidence regarding claim construction.

Claims in a patent may be "reexamined" by the U.S. Patent and Trademark Office to

determine whether there are substantial new questions of patentability about the claims in view of prior art patents or printed publications submitted in a reexamination request. 37 C.F.R. §§ 1.501 and 1.515. Reexaminations are limited to the particular prior art submitted in a request for reexamination. Other invalidity deficiencies in a patent, such as indefiniteness or written description, cannot be raised during reexamination. During reexamination, the patent examiner must examine the prior art against the "broadest reasonable interpretation [of the claims] consistent with the specification." *See, e.g., In Re Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984). That is, the claims are viewed as broadly as is reasonable; they are *not* construed in view of the specification and file history. The *Yamamoto* court explained that this broad standard is appropriate during reexamination because the patentee may amend its claims to obtain protection "commensurate with his actual contribution to the art," that is, narrow the claims in a way consistent with the specification, but with an eye towards overcoming the prior art. *Id*. Indeed, a third party requesting reexamination of a patent in view of the prior art would, of course, argue for the broadest possible claim scope, as the full scope of the claims must be tested against the cited prior art.

The same standard is not applied, or proper, during litigation, where claims cannot be amended. In litigation, district courts "may find it necessary to interpret claims to protect only that which constitutes patentable subject matter to do justice between the parties." *Id*. at 1572. The difference in standards during reexamination and litigation was explained by the Federal Circuit as follows:

> Claims during prosecution, reeissue and reexamination are also given the broadest reasonable interpretation possible, consistent with the specification. (Citation to *Yamamoto* case omitted.) That approach does not apply, however, during litigation of issued claims, where the specification and file history should be resorted to in ascertaining the claims' true meaning. (Citations omitted.)

*DeGeorge v. Bernier*, 768 F.2d 1318, 1322, n.2 (Fed. Cir. 1985). The *Yamamoto* and *DeGeorge* decisions pre-date the *Markman* and *Phillips* cases, which clearly set forth the methodology to be undertaken in reaching the true construction of claim terms during litigation, but the *DeGeorge* case foreshadowed the proper claim construction analysis during litigation – requiring consultation of the specification and file history to ascertain the correct claim construction.

GEHC's contention that Beckman argued *during reexamination* that the claims covered more (*i.e.*, were broader) than Beckman is currently arguing they cover *during litigation* is legally flawed and irrelevant. Under binding Federal Circuit law, the broadest reasonable interpretation that must be applied during reexamination would *necessarily* be broader than the true scope of claims properly construed in view of the specification and file history. Nothing Beckman argued during reexamination can limit its arguments during claim construction in litigation about the true meaning of the claim terms. In fact, such an argument has been rejected by other courts:

> Laitram [the patentee] further relies on KVP's [the accused infringer] alleged admission during reexamination that the asserted claims of the '158 and '518 patents are broad enough to cover curved driving surfaces. KVP, however, made no such admission. Instead, KVP merely argued that *if* the asserted claims were as broad as Laitram was urging in the present litigation, then the patents would read on prior art. These arguments were entirely proper during reexamination, where claims are to be construed broadly, *see In re Yamamoto*, 740 F.2d 1569, 1571 (Fed. Cir. 1984), and do not operate to bar the narrow claim construction KVP now advocates. *See DeGeorge v. Bernier*, 768 F.2d 1318, n.2 (Fed. Cir. 1985) (the approach during reexamination does not apply "during litigation of the issued claims, where the specification and file history should be resorted to in ascertaining the claims' true meaning.").

*The Laitram Corp. et al. v. Morehouse Indust., Inc.*, 1997 U.S. Dist. LEXIS 23026, *26-27 (E.D. Cal. 1997).

Similarly, the District of Massachusetts rejected a patentee's attempt to hold an accused

infringer to positions taken by the accused infringer during reexamination regarding the scope of the claims, finding:

> First, it is irrelevant that Applied [the accused infringer] (unsuccessfully) represented to the PTO, in the reexamination proceeding, its view that the "broadest reasonable interpretation" of this element was of "simply a holder for a workpiece." What matters for present purposes is the patentee's representations to the PTO, not those of any third party. It would be particularly inappropriate to hold Applied now to its earlier position when patentability was argued for (and granted) on the contrary grounds Axcelis [the patentee] now seeks to avoid. Second, it is equally irrelevant that the language of claim 1 was not amended by the PTO. Far more significant are the positions taken in advocating for, as well as the logic underlying, that result.

*Axcelis Techs., Inc. v. Applied Materials, Inc.*, 2003 U.S. Dist. LEXIS 9908, *12 (D. Mass. 2003).

These courts make clear that: (1) the breadth of claims for purposes of reexamination is broader than the true construction that must be ascertained by district courts in litigation during claim construction; (2) an accused infringer is not limited during claim construction in litigation to positions taken about the breadth of claims during reexamination; and (3) positions taken by the patentee, on the other hand, particularly those reflected in the file history, are significant to and can limit the true construction of the patent claims.

Applying these principles to this case reveals that GEHC's arguments are legally flawed. As shown in the following diagram, the outer circle very generally represents the broadest reasonable interpretation of claims in GEHC's patents-in-suit – the scope that would be applied during reexamination. Arguments by Beckman during reexamination relating to that broad scope cannot, under the law set forth above, limit Beckman's arguments during the claim construction process in this litigation, in which the Court is charged with determining the true – not broadest – construction. On the other hand, statements by the patentee during prosecution,

such as the patentee's representation during prosecution that its beads were "inert, non-binding" beads, are significant to and inform the true construction of the claims of the patents-in-suit.



In view of the law set forth above, Beckman respectfully requests that the Court deny GEHC's belated and improper attempt to introduce new evidence into the claim construction proceeding, particularly as that evidence is irrelevant to determining the true construction of the claim terms in litigation. Beckman further requests that the Court give no effect to GEHC's argument during the September 8, 2010 claim construction hearing regarding arguments made by Beckman during reexamination of the patents-in-suit, as GEHC's argument conflicts with Federal Circuit law.

Should the Court, however, decide to consider GEHC's argument and/or admit the reexamination papers into evidence for purposes of claim construction, Beckman respectfully requests that Beckman have the opportunity to fully brief its substantive positions in response and to submit further reexamination evidence in rebuttal. In particular, the Patent and Trademark

Office based its conclusions in the *second* reexamination (the papers proffered by GEHC) in large part on positions taken during the *first* reexamination, which GEHC did not offer into evidence. It would be prejudicial to Beckman, and paint an incomplete and misleading picture, if only the truncated evidence GEHC proffers was admitted and considered, without the more complete documentation (including GEHC's representations and the Patent Office's rejections) of the *first* reexamination (BEC0005274-5430).

                                    ASHBY & GEDDES

                                    */s/ Steven J. Balick*

                                    _____
                                    Steven J. Balick (I.D. #2114)
                                    Lauren E. Maguire (I.D. #4261)
                                    Caroline Hong (I.D. #5189)
                                    500 Delaware Avenue, 8th Floor
                                    P.O. Box 1150
                                    Wilmington, DE 19899
                                    (302) 654-1888
                                    sbalick@@ashby-geddes.com
                                    lmaguire@ashby-geddes.com
                                    chong@ashby-geddes.com

                                    *Attorneys for Defendants/Counterclaimants*
                                    *Beckman Coulter, Inc. and Beckman Coulter*
                                    *Genomics, Inc.*

*Of Counsel:*

Susan M. Spaeth
Anne M. Rogaski
Robert J. Artuz
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301-1431
(650) 326-2400

James G. Gilliland, Jr.
Townsend and Townsend and Crew LLP
Two Embarcadero Center, Eighth Floor
San Francisco, CA 94111
(415) 576-0200

00440631.1

Michael C. Schiffer
Beckman Coulter, Inc.
250 S. Kraemer Boulevard
Brea, CA 92821
(714) 993-5321

Dated: September 14, 2010