**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GE HEALTHCARE UK LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-974-RK |
| | ) | |
| BECKMAN COULTER, INC. AND BECKMAN | ) | JURY TRIAL DEMANDED |
| COULTER GENOMICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GE HEALTHCARE'S RESPONSE TO BECKMAN'S OBJECTION TO THE
CONSIDERATION OF BECKMAN'S REEXAMINATION
POSITIONS DURING CLAIM CONSTRUCTION**

Two days ago Beckman filed pages of objections seeking to prevent consideration during claim construction of the positions Beckman previously took when it requested reexamination of U.S. Patent Nos. 5,523,231 and 5,681,946.  Slides 42-46 and 94 of GE Healthcare's ("GE's") Markman presentation address this issue.  GE has also provided the Court and Beckman with copies of Beckman's second request for reexamination of the '231 patent, dated June 15, 2009, in which Beckman asserted the positions at issue.

Beckman is incorrect to assert that GE's argument is "untimely."  GE's argument responds to a position that Beckman articulated for the first time at the technology tutorial on September 1, 2010.  Specifically, slides 18 and 23 of Beckman's technology tutorial presentation assert that there are two different types of beads, "binding" and "non-binding," and that the "binding beads" can operate by adsorption.  Slides 42-46 and 94 of GE's Markman presentation respond directly to this argument Beckman made at the tutorial.

Beckman is also incorrect to assert that GE's argument is "legally irrelevant."  First, Beckman is now asserting that the "beads which do not specifically bind nucleic acids" in

the asserted claims are limited to inert beads.  That is squarely inconsistent with Beckman's representation in its second reexamination request that "the '231 patent explicitly states that the nature of the beads used in the claimed methods is 'not critical.' (*See* '231 patent, column 2, lines 52-54).  Thus, the claims apparently encompass a wide variety of magnetic beads, including variously functionalized magnetic beads [that is, non-inert beads] described in the prior art." Beckman' s Second Reexamination Request at 16 (June 15, 2009).  That inconsistency in Beckman's characterization of the beads used in the asserted claims does bear on the Court's construction of the claims.

Second, Beckman is now asserting that adsorption using beads coated with functional groups is not a form of non-specific binding.  That is squarely inconsistent with Beckman's representation in its second reexamination request that the adsorption using functionalized beads shown in the Lyle '390 prior art document was a form of non-specific binding.   And that inconsistency in no way depends on whether or how the claims are construed; what the Lyle reference does or does not disclose is of course completely independent of how GE's patents are to be interpreted.   Third, Beckman's present argument itself demonstrates the relevance of Beckman's reexamination positions, because even if all that Beckman was arguing during reexamination was that the "broadest reasonable" claim construction included "binding beads" like those shown in the Lyle '390 document, that means that such a construction at the very minimum is reasonable, and Beckman's assertions that the claims cannot possibly be construed to include non-inert beads should be viewed in that light.

Finally, with respect to Beckman's request for additional briefing regarding the reexaminations, GE has no objection to providing any further briefing that the Court would find helpful.   GE disagrees, however, with Beckman's suggestion that further briefing is needed.   It

was Beckman's decision to make new arguments at the technology tutorial that prompted GE's response. And GE's response is based on statements that Beckman made regarding the characteristics of beads in the claimed methods and adsorption using functionalized beads that are relevant in their own right.

| | |
|---|---|
| */s/ Nicholas Groombridge* | */s/ Stephen M. Ferguson* |
| Nicholas Groombridge | Frederick L. Cottrell, III (#2555) |
| WEIL, GOTSHAL & MANGES LLP | cottrell@rlf.com |
| 767 Fifth Avenue | Anne Shea Gaza (#4093) |
| New York, NY 10153 | gaza@rlf.com |
| (212) 310-8740 | Stephen M. Ferguson (#5167) |
| | ferguson@rlf.com |
| David J. Ball, Jr. | Richards, Layton & Finger, P.A. |
| Azra M. Hadzimehmedovic | One Rodney Square |
| Rachelle H. Thompson | 920 N. King Street |
| Annaka Nava | Wilmington, DE   19801 |
| WEIL, GOTSHAL & MANGES LLP | (302) 651-7700 |
| 1300 Eye Street, N.W., Suite 900 | |
| Washington, DC 20005 | |
| (202) 682-7033 | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| *GE Healthcare UK Limited* | *GE Healthcare UK Limited* |

Dated: September 16, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2010, I caused to be served by **electronic mail** copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick
Lauren E. Maguire
Caroline Hong
Ashby & Geddes
500 Delaware Avenue
Wilmington, DE   19801
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
chong@ashby-geddes.com

I further certify that on September 16, 2010, I caused to be served by **electronic mail** copies of the foregoing document upon the following counsel of record:

| | |
|---|---|
| James G. Gilliland, Jr. | Susan M. Spaeth |
| Townsend and Townsend and Crew LLP | Anne M. Rogaski |
| Two Embarcadero Center, 8th Floor | Robert J. Artuz |
| San Francisco, CA   9411 | Townsend and Townsend and Crew LLP |
| jggilliland@townsend.com | 379 Lytton Avenue |
| | Palo Alto, CA   94301 |
| | smspaeth@townsend.com |
| | amrogaski@townsend.com |
| | rjartuz@townsend.com |

/s/ Stephen M. Ferguson
Stephen M. Ferguson (#5167)
ferguson@rlf.com